Matter of Iscela G. (Lorenzo T.) (2021 NY Slip Op 02263)





Matter of Iscela G. (Lorenzo T.)


2021 NY Slip Op 02263


Decided on April 13, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 13, 2021

Before: Kapnick, J.P., Kern, Singh, Scarpulla, JJ. 


Docket No. NN-9077-80/18 NN-34833/18 Appeal No. 13560 Case No. 2019-04352 

[*1]In the Matter of Iscela G., A Child Under Eighteen Years of Age, etc., Lorenzo T., Respondent-Respondent, Administration for Children's Services, Petitioner-Appellant.


James E. Johnson, Corporation Counsel, New York (Julia Bedell of counsel), for appellant.
Aleza Ross, Patchogue, for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Raymond E. Rogers of counsel), attorney for the child.



Order, Family Court, Bronx County (Tracey A. Bing, J.), entered on or about September 30, 2019, which, to the extent appealed from, upon a finding that respondent neglected three of his children based on acts of domestic violence that he committed against nonrespondent mother in the presence of the children and derivatively neglected a fourth child based on the neglect of his siblings, dismissed the neglect petition with regard to the subject fifth child on the ground that petitioner failed to prove that respondent was the child's father or a person legally responsible for her as defined in Family Ct Act § 1012(g), unanimously reversed, on the law and the facts, without costs, the dismissal of the petition as to the subject child vacated, the petition reinstated, and a finding of derivative neglect entered against respondent with respect to the subject child.
A preponderance of the evidence demonstrated that respondent was either the subject child's biological father or, at a minimum, a person legally responsible for her. The credible evidence showed that respondent was the undisputed father of her four older siblings and he never denied that he was the subject child's father. To the contrary, during the proceedings, respondent represented that he was the father of all five children and accepted service of the petition on behalf of the subject child without qualification. Moreover, around the time this child was born, respondent specifically told the caseworker that he was her father (see e.g Matter of Alisha A. [Nelson V.], 172 AD3d 403, 404 [1st Dept 2019]; Matter of Kevin N. [Richard D.], 113 AD3d 524 [1st Dept 2014]). Nonrespondent mother also referred to respondent as her husband, and represented that she did not want this case or an order of protection to continue against him, instead maintaining contact with him despite his exclusion from the household. Indeed, respondent's lack of contact with the subject child was due to his exclusion from the household before her birth as a result of his having committed acts of domestic violence precipitating the instant petitions, and the timing of his exclusion does not outweigh the other evidence demonstrating his status as a person legally responsible for the child (see Matter of Jonathan Kevin M. [Anthony K.], 110 AD3d 606 [1st Dept 2013]). Respondent failed to appear at the fact-finding hearing and thus never testified, allowing the court to draw a negative inference against him (see e.g. Matter of Dayquon G., 22 AD3d 431 [1st Dept 2005]).
Furthermore, the record amply supports a derivative neglect finding on behalf of the subject child. As the court determined, petitioner met its burden of proving derivative neglect on behalf of an older child who, like the subject child, was not present during respondent's violent attack on the mother and three other children (see Family Court Act § 1046[a][i]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT[*2].
ENTERED: April 13, 2021